IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV. NO. SA-12-CV-00987-DAE |
| | ) | |
| RICHARD V. ALLEN, JOHN | ) | |
| PRUITT, and SWIFT | ) | |
| TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On May 28, 2013, the Court heard Plaintiff's Motion to Remand
("Motion").  (Doc. # 2.)  R. Bruce Phillips, Esq., appeared at the hearing on behalf
of Plaintiff Richard Wells ("Plaintiff"); Stephen Bega, Esq., appeared at the
hearing on behalf of Defendant Swift Transportation Co. ("Swift").  After
reviewing the Motion and the supporting and opposing memoranda, the Court
**DENIES** Plaintiff's Motion to Remand.

BACKGROUND

This lawsuit arises from an automobile collision that occurred on
November 22, 2010.  ("FAC," Doc. # 1 Ex. 12 ¶ 8.)  According to Plaintiff, he was

stopped in the right lane at a traffic light on Goldfield Road in San Antonio, Texas.
(FAC ¶ 8.)  Plaintiff alleges that Defendant Richard B. Allen ("Allen"), driving a
tractor-trailer and acting within the scope of his employment "for Swift Transport
or for [Defendant John] Pruitt," stopped at the same intersection in the left lane.
(FAC ¶ 8.)  Allen allegedly turned right, despite being in the left lane, and as a
result hit and dragged Plaintiff's car "for some distance."  (FAC ¶ 10.)  Plaintiff
claims that Allen then drove away, "fleeing the collision that he caused."  (FAC
¶ 11.)  According to Plaintiff, he suffered injuries to his head, neck, back, chest,
right shoulder, right leg and right foot.  (FAC ¶ 12.)

        Plaintiff filed a Complaint in state court on July 10, 2012, asserting
claims against Allen for negligence, negligence per se, and gross negligence; and
against Pruitt and Swift for negligent entrustment, respondeat superior, negligent
hiring and supervision, and gross negligence.  ("Compl.," Doc. # 1 Ex. 2.)  Plaintiff
filed a First Amended Complaint ("FAC") on September 24, 2012, asserting causes
of action for negligence, negligence per se, and gross negligence against each
defendant.  (FAC.)  The original Complaint made no reference to the amount of
damages claimed, but the FAC stated that Plaintiff sought a maximum of $750,000.
(FAC ¶ 25.)  Pruitt was served on September 28, 2012.  (Doc. # 2 Ex. 3.)

2

On October 15, 2012, Swift filed a Notice of Removal in this Court. (Doc. # 1.)  On November 14, 2012, Plaintiff filed the instant Motion.  ("Mot.," Doc. # 2.)  On November 26, 2012, Swift filed a Response in Opposition.  ("Opp.," Doc. # 3.)  On November 29, 2012, Pruitt filed an Answer to Plaintiff's FAC. (Doc. # 5.)  On December 3, 2012, Plaintiff filed a Reply in further support of his Motion to Remand (doc. # 7), and on December 12, 2012, Swift filed a Sur-Reply (doc. # 8).  On December 18, 2012, Pruitt filed a statement indicating that he opposes Plaintiff's Motion to Remand.  (Doc. # 9.)

## LEGAL STANDARD

I.    Motion to Remand

A defendant may remove a case from state to federal court if the case could have been filed in federal court originally.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  The procedure for removal is governed by 28 U.S.C. § 1446, which requires the defendant to file a notice of removal within 30 days of receiving service of the initial pleading.  28 U.S.C. § 1446(b).  Although not expressly required by the statute, the Fifth Circuit has held that "all defendants who are properly joined and served must join in the removal petition . . . and . . . failure to do so renders the petition defective."  Getty

Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988) (internal citation omitted).

A plaintiff may move to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal. . . ." 28 U.S.C. § 1447(c). The removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941) (acknowledging "the Congressional purpose to restrict the jurisdiction of the federal courts on removal" and the need for "strict construction of such legislation").

DISCUSSION

Plaintiff moves to remand this case to the District Court of Bexar County pursuant to 28 U.S.C. § 1447(c). He claims that removal was defective for two reasons: first, because Swift failed to allege the citizenship of the parties, and second, because Pruitt, a properly joined and served defendant, did not join in the removal petition. (Mot. at 1.) In response, Swift asserts that the Notice of Removal adequately alleges the parties' citizenship, and argues that Pruitt's consent to removal was unnecessary because he is a "nominal party." (Opp.) The Court will address each of the alleged defects in removal in turn.

I.      <u>Failure to Allege Citizenship</u>

Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) all civil actions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interests and costs.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).  Swift's Original Notice of Removal asserted that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Doc. # 1 ¶ 12.)  It alleged that Plaintiff resides in Bexar County, Texas, Pruitt resides in Oklahoma, and Allen resides in Missouri, and that there is thus complete diversity of citizenship between the parties.  (<u>Id.</u> ¶ 9.)

It is well-established that an allegation of <u>residence</u> is insufficient to establish diversity jurisdiction; the party asserting federal jurisdiction must allege citizenship.  <u>Kerney v. Fort Griffin Fandangle Ass'n., Inc.</u>, 624 F.2d 717, 719 (5th Cir. 1980); <u>see also</u> <u>Getty Oil Corp.</u>, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'") (quoting <u>McGovern v. American Airlines, Inc.</u>, 511 F.2d 653, 654 (5th Cir. 1975)).  Here, then, Swift's Original Notice of Removal failed to properly allege the basis for diversity jurisdiction.  However, the Court allowed Swift to file an Amended Notice of Removal to correct this technical defect.  <u>See</u>

28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended . . . in the trial or appellate courts.").  Swift's Amended Notice of Removal properly alleges the citizenship of each party.  (Doc. # 18 ¶ 9.)  This argument for remand is, therefore, moot.

II.     Failure to Join all Defendants

        As noted above, removal is defective unless all properly served defendants join in the petition no more than 30 days after the first defendant is served, Getty Oil, 841 F.2d at 1263, or 30 days after the action becomes removable, 28 U.S.C. § 1441(b)(3).  This rule requires that there be "some timely filed written indication from each served defendant . . . that it has actually consented to such action."  Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (internal quotation marks omitted) (quoting Getty Oil, 841 F.2d at 1262 n.11).  There does not appear to be any dispute that Pruitt was properly served prior to removal and did not join in the petition within the requisite period of time.  (Opp. at 2–3.)  However, Swift contends that it was not required to obtain Pruitt's consent because Pruitt is a "nominal" party.  (Opp. at 2–3.)

        The Fifth Circuit has recognized an exception to the requirement of unanimous consent to removal: a "'[n]ominal' or 'formal' defendant need not join in the removal petition."  See Farias v. Bexar Cnty. Bd. of Tr. for Mental Health

6

Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991).  A defendant is

"nominal" if, in its absence, "the Court can enter a final judgment consistent with

equity and good conscience which would not be in any way unfair or inequitable to

the plaintiff."  Acosta v. Master Maint. & Constr. Inc., 452 F.3d 373, 379 (5th Cir.

2006) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen &

Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970)).  "To establish that non-

removing parties are nominal parties, 'the removing party must show . . . that there

is no possibility that the plaintiff would be able to establish a cause of action

against the non-removing defendants in state court.'"  Farias, 925 F.2d at 871

(quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A Dec.

1981)).

        Here, then, the Court must determine whether Plaintiff can establish a

cause of action against Pruitt in state court.  Plaintiff named Pruitt as a defendant in

the suit because the Texas Peace Officer's Crash Report listed Pruitt as the owner

of the tractor-trailer that Allen was driving at the time of the accident.[1]  (Mot. Ex.

1.)  Plaintiff's original Complaint alleged that Pruitt "negligently entrust[ed] the

---

    [1] Pruitt submitted a copy of his Certificate of Title, which shows that a car
with the license plate number listed on the Texas Peace Officer's Crash Report is,
in fact, registered to Pruitt.  (Doc. # 5.)  However, Pruitt's car is a 1976 Chevrolet
El Camino, not a tractor-trailer.

commercial tractor-trailer rig to Allen. . . ." (Compl. at 5.)  The FAC, however,
abandons the allegation that Pruitt negligently entrusted the tractor-trailer to Allen,
instead seeking to hold Pruitt liable for Allen's allegedly negligent acts under a
theory of respondeat superior, and for Pruitt's own alleged negligence in failing to
train and supervise.  (FAC ¶¶ 13–16.)  These claims against Pruitt stem from
Plaintiff's allegation that Allen was acting within the scope of his employment "for
Swift Transport or for [Defendant John] Pruitt" when the accident occurred.  (FAC
¶ 8.)

          Swift argues that Pruitt's "inclusion in this action as a defendant is a
case of mistaken identity." (Opp. at 3.)  Pruitt is apparently neither the owner of
the tractor-trailer nor Allen's employer.  (See Opp. Ex. 1 at 5, 6–7.)  According to
Swift, Pruitt played no role in the events at issue in this litigation and became
involved simply because the officer who responded to the accident erroneously
identified the tractor-trailer as belonging to him.  Plaintiff does not appear to
dispute this.  However, Plaintiff argues that the Court must determine whether a
party is nominal by looking at the pleadings, not by looking to matters outside the
pleadings.  (Doc. # 7 at 2.)  Plaintiff contends that as long as the FAC states a
claim upon which relief can be granted against Pruitt, "[w]hether or [not] Pruitt
will one day be held liable . . . misses the point."  (Id.)

The Court disagrees.  The Fifth Circuit has emphasized that, in determining whether a party is "nominal," "a district court 'need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability. . . .  The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.'"  Green v. Amerada Hess Corp., 707 F.2d 201, 204 (5th Cir. 1983) (quoting B, Inc., 663 F.2d at 551).[2]  However, district courts are not precluded from considering any evidence outside the pleadings.  In B, Inc., the court noted that "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]."  663 F.2d at 549 n.9.  Thus, a district court may consider affidavits and deposition transcripts, as well as the factual allegations contained in the complaint.  Id. at 549.  The Court must then "resolv[e] all contested issues of substantive fact in favor of the plaintiff."  Id.  Thus, in Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816–17 (5th Cir. 1993), the Fifth Circuit

---

[2]  Green dealt with fraudulent joinder.  However, the inquiry regarding a "fraudulently joined" defendant and a "nominal" defendant is the same; in both cases, the removing party must show that the plaintiff could not possibly establish a cause of action against the nominal or fraudulently joined defendant in state court.  See Farias, 925 F.2d at 871 (citing to B, Inc., 663 F.3d at 549–50, a case dealing with the issue of fraudulent joinder).

concluded that the district court properly held that a defendant was fraudulently joined where the record established that the defendant in question was not a party to the contract that was the subject of the lawsuit.  In so holding, the district court looked beyond the plaintiff's complaint—which alleged that the defendant in question <u>was</u>, in fact, a party to the contract—to affidavits, deposition testimony, and the contract itself.  <u>Id.</u>

It is clear that the Court may look beyond the FAC to determine whether there is no possibility that the plaintiff would be able to establish a cause of action against Pruitt in state court.  In this case, only minimal discovery has been conducted, but Swift's interrogatory answers and Pruitt's Certificate of Title establish that Pruitt has no relationship with Swift and does not own the tractor-trailer involved in this case.  Indeed, Plaintiff appears to concede that Pruitt has no connection to this case.  Accordingly, the Court concludes that Plaintiff "could in no way establish a cause of action in state court," <u>Farias</u>, 925 F.2d at 872, against Pruitt.  Pruitt is therefore a nominal defendant, and his consent was not required in order for Swift to remove the case to this Court.  Any other interpretation of the rule would lead to the absurd result that a plaintiff could sue a complete stranger to a transaction and the court would be compelled to remand the case in the event the stranger did not consent to removal.  This is clearly not the law.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to

Remand.  (Doc. # 2.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, May 31, 2013.

_____
David Alan Ezra
Senior United States District Judge

11